


**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **PLAINTIFF,** | | |
| | ) | **2:11-cv-409-JHH** |
| **VS.** | | |
| | ) | |
| **MATTHEW T. McCOLLUM; and MICHAEL D. RILEY,** | ) | |
| **DEFENDANTS.** | ) | |

## MEMORANDUM OPINION

The court has before it the April 20, 2011 Motion (Doc. #15) for Entry of Default Judgment filed by Defendant Michael D. Riley, a claimant in this interpleader action. The Motion seeks a judgment by default, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Matthew T. McCollum for failure to appear, plead or otherwise defend the instant interpleader action filed by Plaintiff Minnesota Life Insurance Company. For the reasons stated below, the Motion (Doc. #15) is due to be granted.

## I. Procedural History

The interpleader Complaint[1] (Doc. #1) was filed on February 4, 2011, against

[1] According to the Complaint, McCollum and Riley both have potential interest in the proceeds of a life insurance policy issued by Plaintiff Minnesota Life on the life of decedent

Defendants Matthew T. McCollum, Michael D. Riley and American Capital Funding, LLC. A summons was issued for Defendant McCollum, and on February 9, 2011, the summons was mailed by certified mail, return receipt requested, by the Clerk of Court to Matthew T. McCollum at 17 Fountain Abbey Lane, Pensacola, Florida 32505.[2] (See Doc. #3.) On February 17, 2011, the green Domestic Return Receipt was mailed from Pensacola, Florida to the Clerk of Court and was received by the court on February 22, 2011. (See Doc. #4.) The receipt card reflects that the summons mailed to McCollum at 17 Fountain Abbey Lane, Pensacola, Florida 32505 was actually delivered to 313 Massachusetts Avenue, Pensacola, Florida 32505. (See id.) The receipt card also reflects that the summons was received by Matthew McCollum and appears to have his signature on the card. (See id.) The space on the card for date of delivery, however, is blank. (See id.)[3]

---

Karen McCollum. (See Compl.) Defendant McCollum, the husband of the decedent, is the primary beneficiary and has filed a claim for benefits, but he is allegedly a suspect in the death of his wife, the insured. (Compl. ¶ 14, 16.) In the event that it is determined that he "feloniously and intentionally killed" his wife, he is not entitled to the proceeds under the policy and the benefits would be payable to the decedent's brother, Defendant Riley. (Compl. ¶ 16.)

[2] Additionally, Plaintiff filed a Notice of Proof of Service (Doc. #12) with an attached affidavit that states that an individual at Plaintiff's lawfirm "serv[ed] the complaint in this action by placing a true copy in an envelope with the postage thereon fully prepaid and certified on February 8, 2011, for delivery by the United States Postal Service, enclosed in an envelope plainly addressed to Matthew T. McCollum 17 Fountain Abbey Lane Pensacola, Florida 32505." (Id.)

[3] As for the other Defendants, on March 8, 2011, Defendant Riley filed an Answer (Doc. #7) to the Complaint. A few days later, on March 14, 2011, Plaintiff filed a notice of voluntary

Under Federal Rule of Civil Procedure 12, McCollum had twenty-one (21) days after being served with the summons and complaint to serve his answer. Fed.R.Civ.P. 12(a)(1)(A). Although the receipt card does not list a date of delivery, the card reflects that it was mailed on February 17, 2011 from Pensacola, Florida back to the Clerk of Court, after delivery of the summons and complaint to McCollum. (See Doc. #4.) The court, therefore, can be sure that McCollum had been served with the summons and complaint on or before February 17, 2011. As such, McCollum's answer was due by March 10, 2011. See Fed.R.Civ.P. 12(a)(1)(A).

On March 24, 2011, the court issued an order (Doc. #13) detailing the pertinent events in the history of the case to that point and, based on that history, concluding that entry of default was appropriate as to Defendant McCollum. (Id. at 1-3.) Instead of entering default in that order, however, the court gave McCollum (or any other party) one last chance to show why default should not be entered and ordered that such cause be shown by April 6, 2011.[4] (Id. at 3.) That date passed, and because Defendant McCollum still failed to appear, plead or otherwise defend this action, the court entered default (Doc. #14) on April 12, 2011. Defendant Riley filed the instant

dismissal (Doc. #9) as to Defendant American Capital Funding, LLC. Pursuant to that notice, the court dismissed (Doc. #10) without prejudice American Capital Funding LLC, and Defendants McCollum and Riley remain as the only two Defendants in this action.

[4]The court directed the clerk to mail its order to the two addresses in the record for McCollum, which was done on March 24, 2011. (See docket entry dated 3/24/2011.)

Motion (Doc. #15) for Default Judgment on April 20, 2011.

**II. Discussion**

It is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). That being said, however, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Where, as here, Defendant McCollum has failed to appear, plead or otherwise defend the lawsuit for over two months, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). In a variety of contexts, courts have entered default judgment against defendants who have failed to appear and/or failed to defend in a timely manner following proper service of process. See, e.g., In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1290 (S.D.Ala. 2010); Kidd v. Andrews, 340 F.Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to

answer or move against complaint for nearly three months). In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party ." Flynn v. Angelucci Bros. & Sons, Inc., 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted). That is precisely what the Defendant has done here. Despite being served with the Summons and Complaint in February 2011, and notified by the court of the default proceedings initiated against him (see Doc. #16), McCollum has declined to appear, plead or otherwise defend, and has thereby stalled the progress of this litigation. Therefore, entry of default judgment is proper under Rule 55 given his failure to appear, plead or defend after service of process.

In a normal case, under Rule 55(b)(1), after the court concludes that a default judgment is proper, a final default judgment may be entered without a hearing if the claim "is for a sum certain or a sum that can be made by computation" upon the plaintiff's request with an affidavit showing the amount due. Fed.R.Civ. P. 55(b)(1). Here, the procedural posture is a bit unusual. While there is a sum certain in the form of the life insurance proceeds, the request for the funds does not come from the Plaintiff, as anticipated by Rule 55(b)(1). Instead, as explained above, this is an interpleader action brought by Plaintiff Minnesota Life Insurance Company asking the court to determine which defendant is entitled to the funds. Essentially, the

dispute is between the two individual defendants, not between the Plaintiff and the Defendants. Therefore, it is appropriate, although a bit unusual, that the non-defaulting Defendant, Michael D. Riley, seeks the default judgment under Rule 55(b)(1).

Because of the default of Defendant Matthew T. McCollum, and the dismissal of American Capital Funding, LLC, Riley remains the only claimant to the life insurance proceeds in the interpleader action. This creates a jurisdiction problem for the court, however, because under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332 "are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335. After the default judgment, however, there is only one remaining defendant - which seemingly would strip the court of its jurisdiction under 28 U.S.C. § 1335.

After consideration of this jurisdictional quandary, however, the court does not conclude that it is required to dismiss the action following the entry of default judgment, and, although the Eleventh Circuit has not considered the issue, at least two other Circuits agree with this determination. See Nationwide Mut. Fire Ins. Co. v. Eason, 739 F.2d 130, 133 n.4 (4th Cir. 1984); New York Life Insurance Co. v.

Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir. 1983). Instead, the court follows the reasoning adopted by the Second and Fouth Circuits, and finds that because all but one interpleader Defendant defaulted or was voluntarily dismissed, the remaining Defendant, Michael D. Riley, is entitled to the funds at issue. See Nationwide Mut. Fire Ins. Co., 739 F.2d at 133 n.4; New York Life Insurance Co., 700 F.2d at 95 (defaults of interpleader defendants "did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage," in which adverse claimants' rights to the fund are settled).

## III. Conclusion

For the reasons stated above, the Motion (Doc. #15) for Entry of Default Judgment against Defendant Matthew R. McCollum is due to be granted. The insurance proceeds at issue are, therefore, due to be paid to the remaining defendant, Michael D. Riley. A separate final order will be entered.

**DONE** this the 10th day of May, 2011.

James H. Hancock

SENIOR UNITED STATES DISTRICT JUDGE